OPINION
{¶ 1} Daryl Gene Spencer was charged by indictment with one count of engaging in a pattern of corrupt activity, five counts of theft, one count of receiving stolen property, and one count of robbery. Pursuant to plea negotiations, Spencer entered pleas of guilty to the counts charging engaging in a pattern of corrupt activity, theft, and receiving stolen property. The robbery count was dismissed and Spencer was sentenced to an agreed upon sentence of three years consisting of concurrent sentences of three years on the charge of engaging in a pattern of corrupt activity and sentences of eleven months on each of the counts charging theft and receiving stolen property. The trial court also ordered restitution in the amount of $4,696.00.
 {¶ 2} On appeal, Spencer advances two assignments of error which we will consider together.
 {¶ 3} "1. Appellant was denied due process of law and the court abused its discretion in imposing restitution in the amount stated and without a hearing.
 {¶ 4} "2. Appellant was denied his constitutionally guaranteed right to effective assistance of counsel."
 {¶ 5} Spencer waived a presentence investigation because his sentence was agreed upon, and he entered his pleas of guilty and was sentenced on the same date.
 {¶ 6} The prosecutor narrated the facts upon which the indictment was based as follows:
 {¶ 7} ". . . the operative facts upon which the Indictment is based are as follows: On the dates in question, that being specifically May 4th, 6th, 11th, June 6th and June 11th, 2004, the Defendant, along with another individual, removed several items that were work items at a Home Depot Store located in Greene County, Ohio. As a result of this, an investigation ensued and some of those items were, in fact, located later at a pawn shop."
 {¶ 8} During the course of the plea proceeding, the following discussion took place among Spencer; the trial court; Mr. Hunter, the prosecutor; and a Mr. Martin, whose precise role is not disclosed by the record.
 {¶ 9} "THE DEFENDANT: Actually the sum of the restitution is questionable, Your Honor.
 {¶ 10} "THE COURT: Okay. I have a figure of $4,696. How did we arrive at that figure? I need to hear from you, Mr. Shira (defense counsel)?
 {¶ 11} "MR. HUNTER: That's based upon, Your Honor, the figure from Victim-Witness through the value of the property that was lost by the victims reported to the Victim-Witness Division and Miss Karolyi, who is still here, she added up the loss and that was the figure that it came to. Now, the Defendant's — that's the figure, that's the number of the total sum of the property that was taken in the series of thefts.
 {¶ 12} "THE COURT: Are there other Co-Defendants involved in this case?
 {¶ 13} "MR. HUNTER: There is one other person, but we have not yet obtained an ID of that person.
 {¶ 14} "THE COURT: Brian?
 {¶ 15} "MR. MARTIN: Your Honor, we're trying to figure out the restitution.
 {¶ 16} "THE COURT: Okay. We will reserve a moment on that and go through the process and we will address that at a later date."
 {¶ 17} It is upon Spencer's statement that "the sum of the restitution is questionable" and Mr. Martin's statement "we're trying to figure out the restitution" that Spencer bases his first assignment of error. (Although the State claims in its brief that the restitution figure is reflected in Exhibit A of its brief, there is no Exhibit A attached to its brief. We are satisfied by our own inquiries that no documentation of the restitution amount was made part of the record).
 {¶ 18} It is fundamental that restitution must be limited to the amount of loss actually caused by the defendant. Specifically, R.C.2929.18(A)(1) authorizes "restitution by the offender . . . in an amount based on the victim's economic loss."
 {¶ 19} Spencer argues that because he told the court that restitution was questionable and Mr. Martin stated to the court that "we're trying to figure out the restitution," the trial court was required to hold a hearing to determine that the restitution had been properly calculated.
 {¶ 20} The statute does not require, and we do not understand Spencer to argue, that a trial court must conduct an evidentiary hearing every time it makes an order of restitution. Indeed, we think that a trial court should be entitled to rely on the victim's economic loss, as reported to it, for example, in a presentence investigation, absent that amount being challenged by the defendant. The issue here is whether the statements of Spencer and Mr. Martin were sufficient to put the trial court on notice that there truly was an issue as to the amount of the victim's economic loss. We conclude that they did not.
 {¶ 21} Spencer's statement came before the court stated that it had been given a figure of $4,696.00. Mr. Martin's statement, which was made after the court announced the figure of $4,696.00, does not necessarily suggest a problem with that figure. The figure was not one pulled out of the air, but rather was calculated by a Miss Karolyi of the Victim-Witness Division, who collected the information from the victim, which was a retail establishment. During the proceedings which followed the statements of Spencer and Mr. Martin — which are covered in over fourteen pages of transcript — no changes were made in the $4,696.00 restitution figure.
 {¶ 22} Given these factors, we conclude that the trial court could have reasonably concluded that there was no genuine dispute as to the amount of the victim's loss.
 {¶ 23} Later in the proceedings, in imposing sentence, the court, "based upon the information provided to the probation department," ordered Spencer to pay restitution in the amount of $4,696.00. Spencer, who was thirty-nine years of age and had twelve years of formal education, and who was not at all reticent during the course of the plea and sentencing proceedings, said nothing when restitution was announced. Mr. Shira, his counsel, also said nothing, and when asked if there was "anything further from the defense," replied "Nothing further, Your Honor."
 {¶ 24} Based upon all of the foregoing, we are well satisfied that there was really no question as to the actual dollar amount of the victim's economic loss. Accordingly, we conclude that the trial court was not required to conduct an evidentiary hearing on the issue of restitution, but, assuming arguendo that a hearing should have been conducted, any failure to do so was waived as an issue on appeal by the silence of Spencer and his counsel when the court announced the amount of restitution in imposing sentence. The fact that there was a co-defendant was not relevant because Spencer would be responsible for the whole amount of restitution in any event. The first assignment of error is overruled.
 {¶ 25} Having concluded that there was no real issue as to the amount of restitution, we find that counsel was not ineffective in failing to request a hearing on the question of restitution. The second assignment of error is overruled.
 {¶ 26} The judgment will be affirmed.
Brogan, P.J. and Donovan, J., concur.